IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUIS ALBERTO PITA SANTOS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-0546 |
| | § | |
| ERIC HOLDER, *et al*., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The plaintiff, Luis Alberto Pita Santos, has filed a civil rights complaint against United States Attorney General Eric Holder and numerous others. Santos has also filed a motion for leave to proceed *in forma pauperis*. After reviewing all of the pleadings, the Court concludes that this case must be **dismissed** for reasons set forth briefly below.

**I.     BACKGROUND**

Santos resides in and around the Houston area. He describes himself as a "University Professor of History and Political Economy," whose "intellectual property" includes a "heuristic enterprise" called "MYTRUTHS." Santos has reportedly served as "Historic [P]resident of the ADEPOs (Association Defense of Political Rights and People's Democratic Alliance)." Santos also reveals that he was "[k]idnapped and tortured in Cuba and the United States to defend human rights."

Santos sues United States Attorney General Eric Holder for a litany of crimes. Santos claims that Holder has orchestrated a far-flung conspiracy "characterized by its traditional

conservatism fetish [*sic*] dogmatic, xenophobic, homophobic, abusive, corrupt, mafia, multi-recidivist, discriminatory retaliation [against] poor people (especially Hispanic immigrants) to help the oligarch class, covering up his many crimes against their employees, customers, business media, and children[.]" Santos identifies 28 government agencies and private organizations that supposedly support Holder's criminal venture, including: Evergreen Alliance Golf Limited, L.P., Wal-Mart Stores, Inc., the Texas Workforce Commission, the Texas Attorney General, the United States Supreme Court, the Federal Bureau of Investigation, the Harris County Sheriff's Department, the Harris County Jail, the United States Marshals Service, three private law firms, and the Harris County Fire Marshals. Santos also names approximately 100 "sovereign criminals" who have participated in the "oliogopolistic" conspiracy, including several private businessmen, government officials, lawyers, judges, and court employees.

The complaint filed by Santos, which includes over 100 pages of type-written statements and assorted exhibits, features a detailed chart of Holder's alleged criminal conspiracy, along with photographs of the "top culprits." Santos claims that Holder and his "gang" of "accomplices" have violated "fundamental rights" guaranteed by international and state law. In particular, Santos claims that he has been "hated and discriminated against" because of his "anti-Castro" views. Specifically, Santos has been fired from at least two jobs and he recently lost his unemployment benefits. Unspecified criminal charges have been lodged against Santos, who claims that he was "kidnapped" and placed in the Harris County

Jail. Santos also has been referred "three times" to the Harris County Mental Health and Mental Retardation Authority (the "MHMRA") for psychiatric evaluation.

Santos asks to be restored to his former employment at the Cinco Ranch Golf Club and Wal-Mart Store #3226, where he worked in the maintenance department. Santos also asks for over $10,000,000.00 in compensatory damages to cover his expenses and restore his reputation. This case must be dismissed, however, for reasons set forth below.

## II. DISCUSSION

This civil action is subject to preliminary review under 28 U.S.C. § 1915(e)(2)(B), which applies to all litigants proceeding *in forma pauperis*. Under this statute, a district court "shall dismiss" any *in forma pauperis* action under § 1915(e)(2)(B) if the court determines that the complaint is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. In conducting this analysis, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

A court may dismiss a complaint as frivolous under § 1915(e)(2)(B) "if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). A complaint is factually frivolous if the allegations are "fanciful," "fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989)). "A complaint lacks an arguable basis in law if it is based on an

indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

Liberally construed, the complaint filed by Santos is fanciful, fantastic, and delusional. *See Denton*, 504 U.S. at 32-33. Likewise, the legal theories presented in the complaint are wholly conclusory and further appear to lack an arguable basis in law. Accordingly, this case is subject to dismissal as factually and legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

In addition, court records reflect that the allegations raised by Santos duplicate other complaints dismissed previously in this district. *See Santos v. Texas Workforce Commission, et al.*, Civil No. H-08-1869 (S.D. Tex. June 30, 2009); *Santos v. Lee H. Rosenthal, et al.*, Civil No. H-09-0904 (S.D. Tex. June 3, 2009); *Santos v. David Bradley*, Civil No. H-10-1848 (S.D. Tex. Aug. 27, 2010); *see also Santos v. William K. Suter*, Civil No. H-10-1758 (S.D. Tex. Feb. 23, 2011). Because the allegations duplicate those made previously, this case is also subject to dismissal as "malicious" for purposes of 28 U.S.C. § 1915(e)(2)(B). *See Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993) (per curiam); *see also Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) (duplicative claims may be dismissed *sua sponte*).

### III. CONCLUSION AND ORDER

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1. The petitioner's motion for leave to proceed *in forma pauperis* [Doc. # 2] is **GRANTED**.

2. The complaint is **DISMISSED** with prejudice as frivolous and malicious.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on March 14, 2011.

Nancy F. Atlas
United States District Judge